IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAY'S IMPORT & EXPORT, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 22 CV 1730 |
| v. ) | |
| ) | Magistrate Judge Jeffrey I. Cummings |
| JATIN PATEL, SARJ KALIDAS, LLC ) | |
| and CHICAGO IMPORTS, INC. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

In April 2022, Plaintiff Jay's Import & Export, LLC ("Jay's") initiated this action against defendants Jatin Patel ("Patel"), Sarj Kalidas, LLC, d/b/a Jay's Import & Wholesale, LLC ("Kalidas"), and Chicago Imports, Inc. alleging trademark infringement under federal and state law. Ultimately, in August 2022, Jay's voluntarily dismissed this action without prejudice pursuant to Rule 41(a)(1). (Dckt. #49). Currently before the Court are defendants Patel and Kalidas' motion for attorney's fees pursuant to Rule 41(a)(2), (Dckt. #51), and defendant Chicago Imports' motion for sanctions pursuant to Rule 11, (Dckt. #54). For the reasons set forth below, both motions are denied.

**I.    RELEVANT BACKGROUND[1]**

Jay's in the business of importing consumer goods, including certain "SOLAR" lighters, for which Jay's owns the trademark and maintains an LAA number for transporting the lighters as required by the U.S. Explosives Bureau. On April 4, 2022, Jay's initiated this action alleging that defendants unlawfully shipped and/or received SOLAR lighters bearing Jay's trademark and

---

[1] Because defendants' motions are both denied on procedural grounds, the Court need not review the full factual background of the case or the parties' contentious and litigious history.

LAA number. (Dckt. #1). In its initial complaint, Jay's asserted claims for, *inter alia*, trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051 *et. seq*., and violation of the Illinois Uniform Deceptive Practices Act, 815 ILCS § 510 *et seq.* Contemporaneously with its complaint, Jay's filed a motion for temporary restraining order, seeking to enjoin defendants' sale of the purportedly infringing lighters.[2]

On April 21 and April 22, 2022, respectively, counsel for Patel/Kalidas and counsel for Chicago Imports sent plaintiff's counsel purported "Rule 11 Notice Letters," describing what they viewed as the frivolous nature of the complaint and demanding that Jay's dismiss this matter or face sanctions under Rule 11.[3] Specifically, Patel and Kalidas stated that if Jay's did not dismiss the complaint by April 25, 2022 (four days later), they would file a Rule 11 motion. (Dckt. #51-1). For its part, Chicago Imports stated that if Jay's did not dismiss the complaint by April 27, 2022 (five days later), it would "have no choice but to pursue a Motion for Sanctions." (Dckt. #54-9).

But Jay's did not dismiss the complaint and instead filed its first amended complaint continuing to allege violations of the Lanham Act and Illinois law. (Dckt. #20). Defendants Patel and Kalidas then filed a motion to dismiss, which was joined by Chicago Imports and fully briefed in late July 2022. On August 25, 2022, before the Court ruled on defendants' motion to dismiss, Jay's filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i), (Dckt. #49), and the Court terminated the case pursuant to that notice of dismissal, (Dckt. #50).

---

[2] The District Court Judge held two hearings on Jay's motion for TRO, but Jay's later withdrew the motion. (Dckt. #19).

[3] In their Rule 11 letters, defendants argued that Jay's failed to properly investigate its allegations and that there was no evidence that defendants shipped or received SOLAR lighters bearing Jay's mark or LAA number. In the instant motions, defendants further contend that Jay's initiated this action solely as retaliation in response to a separate eviction action in state court.

Almost three months later, on November 11, 2022, defendants Patel and Kalidas filed a motion for attorney's fees pursuant to Rule 41(a)(2), seeking approximately $10,000 for the fees incurred in defending against this matter. (Dckt. #51). A few days later, defendant Chicago Imports separately filed its motion for sanctions seeking sanctions under Rule 11. (Dckt. #54). The Court addresses each motion separately in turn below, ultimately concluding that both motions must be denied.

## II.     ANALYSIS

### A.     Defendants Patel and Sarj Kalidas LLC are not entitled to fees under Rule 41(a)(2).

Defendants Patel and Kalidas ask the Court to award attorney's fees under Rule 41(a)(2), which provides that, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Such proper terms may, as defendants note, include awarding costs and fees to the defendant to "compensate the defendant for the unnecessary and potentially duplicative expenses of the litigation." *Berthold Types Ltd. v. Adobe Sys., Inc.*, 155 F.Supp.2d 887, 891 (N.D.Ill. 2001). Simply put, however, this Rule is not applicable here.

As Jay's argues, it properly voluntarily dismissed this matter without prejudice under Rule 41(a)(1), which permits dismissal "without a court order" by the filing of a "notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed.R.Civ.P. 41(a)(1)(A)(i). Indeed, where – as here – defendants had not served an answer or motion for summary judgment, Jay's notice of dismissal, (Dckt. #49), was self-executing, requiring no approval or further action by the Court, even given the pendency of the motion to

3

dismiss.[4] *Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011) (noting that a Rule 41(a)(1)(A)(i) notice "effected the immediate dismissal of the suit," leaving "[n]o action . . . for the district court to take"); *see also Katsaros v. Harrington Benefits*, No. 2:07-CV-127-PRC, 2008 WL 11504745, at *2 (N.D.Ind. Apr. 14, 2008) ("a motion to dismiss brought under the defenses in Federal Rule of Civil Procedure 12(b), unlike an answer or a motion for summary judgment, does not terminate a plaintiff's right to voluntarily dismiss his case by notice under Rule 41."); *cf. Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir. 2001) (acknowledging that a motion to dismiss converted to a motion for summary judgment would prohibit voluntarily dismissal under Rule 41(a)(1), but only after a court makes such a conversion by "actually" considering matters outside the pleadings).

More importantly, unlike with dismissals under Rule 41(a)(2), the Court "lacks power to impose any conditions on a dismissal made by notice under [Rule 41(a)(1)]," 8 *Moore's Federal Practice*, § 41.33 (2023), and, as such, may not require the payment of attorney's fees as a condition of such a dismissal, unless such fees are subsequently sought under Rule 11. *See Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987). But Patel and Kalidas did not bring their motion for fees under Rule 11, and thus, their improperly asserted motion for fees under Rule 41(a)(2) is denied.

> **B.    Defendant Chicago Imports' motion must be denied because it has failed to substantially comply with the procedural requirements of Rule 11.**

As the parties acknowledge, under Rule 11, sanctions are proper "when a party or attorney signs a pleading or motion that is not well-grounded in fact and warranted by existing

---

[4] In this regard, Jay's is incorrect when it states that – upon receipt of its notice of dismissal – the Court "subsequently approved and terminated the case." (Dckt. #58 at 1). No such approval was required.

4

law."[5] *Blow v. Bjora, Inc.*, 855 F.3d 793, 807 (7th Cir. 2017). But a party seeking sanctions *must* comply with the procedural requirements set forth in Rule 11(c)(2), which provides in relevant part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed.R.Civ.P. 11(c)(2).

Even though Rule 11 plainly states that the moving party must serve a *motion* on its opposition, in this Circuit, "a *letter* informing the opposing party of the intent to seek sanctions and the basis for the imposition of sanctions . . . is sufficient for Rule 11 purposes" so long as it substantially complies with the rule. *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 552-53 (7th Cir. 2011) (emphasis added). The Seventh Circuit is the only circuit to have adopted this "substantial compliance" test and has since acknowledged the dangers such a standard presents and has even expressed a willingness – at some future date – to overturn this line of precedent. *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 888 (7th Cir. 2017) ("By treating a mere warning letter as sufficient, a standard of substantial compliance leaves the recipient unclear as to both whether the opposing party is serious and when the 21-day safe-harbor clock starts to run."). Until that day comes, however, the "substantial compliance" standard still controls.

---

[5] Again, even after a dismissal under Rule 41(a)(1), the court retains jurisdiction to resolve a motion for sanctions under Rule 11. *Nelson*, 657 F.3d at 588 (noting that "after a voluntary dismissal under Rule 41(a)(1)(A)(i), a court may still impose sanctions under Federal Rule of Civil Procedure 11.").

5

Although it remains unclear exactly what constitutes substantial compliance under Rule 11, as this Court has held, "the moving party must, at the very least, send a letter explaining the grounds for sanctions and providing at least twenty-one days to remedy the problem." *Traffix USA, Inc. v. Bay*, No. 21 CV 02093, 2021 WL 5179908, at *2 (N.D.Ill. Nov. 8, 2021) (citing *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003)). "This notice requirement followed by a twenty-one-day cushion – known as the 'warning shot/safe-harbor requirement' – serves an important purpose and cannot be compromised." *Traffix*, 2021 WL 5179908, at *2 (citing *N. Ill. Telecom, Inc.*, 850 F.3d at 885 (describing the requirement as "a critical change adopted in the 1993 amendments to Rule 11")). Here, while Chicago Imports may have adequately explained its grounds for sanctions in its Rule 11 letter, it failed to offer the requisite 21-day safe harbor. Instead, Chicago Imports demanded Jay's dismiss its complaint in only *five days*. Thus, "[o]n its own, this omission is enough to deny defendant's Rule 11 motion." *Traffix*, 2021 WL 5179908, at *2.

Of course, the Court acknowledges that Chicago Imports did not file the instant motion for sanctions until almost seven months after initially sending the Rule 11 letter, thereby resulting in far more than a 21-day period for Jay's to cure its complaint. Nonetheless, in the face of the Seventh Circuit's clearly expressed reluctance to stray further from the requirements of Rule 11, the Court construes – as it has before – "the relevant precedent as narrowly as possible." *Traffix*, 2021 WL 5179908, at *2. And, under that precedent, Rule 11 notice letters must explicitly offer a 21-day safe harbor in order to satisfy the substantial compliance standard. *N. Ill. Telecom, Inc.*, 850 F.3d at 888 (finding no substantial compliance where "the letters simply did not offer [opposing parties] the 21-day safe harbor that was offered in *Nisenbaum* or *Matrix IV*"); *Lime Crunch Inc. v. Johansen*, No. 20 C 5709, 2023 WL 3737800, at *5 (N.D.Ill.

6

May 31, 2023) (finding a lack of substantial compliance where the Rule 11 letter "failed to state an affirmative intention to seek sanctions for Plaintiffs' conduct, *nor does it articulate a 21-day window for corrective action*.") (emphasis added); *Mallory v. Rush Univ. Med. Ctr.*, No. 18 C 4364, 2021 WL 458547, at *23 (N.D.Ill. Feb. 9, 2021) ("Whatever the merits of Rush's contentions, the problem is that Rush's safe harbor letter did not give Mallory twenty-one days to withdraw her filing, as required by Rule 11(c)(2)."); *Okulovich v. Durham & Durham, LLP*, No. 2:17-cv-00132, 2017 WL 4355258, at *6 (S.D.Ind. Oct. 2, 2017) ("Durham's Rule 11 letter mentions nothing about the 21-day safe harbor and thus fails to substantially comply with [Rule 11(c)(2)] . . ."). "Without such an offer, the duration of the harbor ultimately provided by the moving party is irrelevant." *Traffix*, 2021 WL 5179908, at *2.

Having failed to explicitly provide the 21-day safe harbor here, Chicago Imports did not substantially comply with the requirements of Rule 11 and, as such, its motion for sanctions is denied. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 671 (7th Cir. 2012) ("[T]his court is not inclined to award sanctions in favor of a party that cannot be bothered to follow the rules itself.").[6]

---

[6] Although defendants Patel and Kalidas did not seek sanctions under Rule 11, had they done so, their motion would have failed because they demanded that Jay's dismiss the complaint in just four days or face a Rule 11 motion. (Dckt. #51-1).

## CONCLUSION

For the foregoing reasons, defendants Patel and Kalidas' motion for attorney's fees pursuant to Rule 41(a)(2), (Dckt. #51), and defendant Chicago Imports' motion for sanctions pursuant to Rule 11, (Dckt. #54) are denied.

**DATE: July 27, 2023**

**Jeffrey I. Cummings**
**United States Magistrate Judge**